*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES B. PETERSON,

        Petitioner-Appellant,

v

SPRING LAKE TOWNSHIP,

        Respondent-Appellee.

UNPUBLISHED
August 10, 2026
11:55 AM

No. 375668
Tax Tribunal
LC No. 24-000699

Before: BOONSTRA, P.J., and YOUNG and KOROBKIN, JJ.

PER CURIAM.

In this case, we consider a tax assessment for property owned by petitioner, James B. Peterson, by respondent, Spring Lake Township. Petitioner contends that improvements made to the property are exempt from consideration when calculating the property's true cash value under the Mathieu-Gast Home Improvement Act, MCL 211.27(2), and were thus inappropriately included in the assessment. The Tax Tribunal dismissed petitioner's case, and petitioner appeals by right. For the reasons stated in this opinion, we affirm.

## I. BACKGROUND AND FACTS

Petitioner owns residential property in Ottawa County. Petitioner had previously owned the property and, upon reacquiring it in December 2020, initiated home renovations including to an upstairs bathroom.

For the tax year 2024, respondent determined that the property should be valued as follows: true cash value, $946,600; state equalized value, $473,300; and taxable value, $407,454. This represented an increase in the taxable value of the property from the previous year by $32,926, with $18,726 of the increase attributable to the 5% allowable increase under Const 1963, art 9, § 3, and $14,200 attributable to new construction and market adjustment. Petitioner contested the increase by filing a petition with Spring Lake Township's Board of Review, arguing that the increase attributable to home renovations was exempt under MCL 211.27(2). The Board of Review denied the petition, explaining that the "changes per building permits were upgrades and . . . do not qualify for [Mathieu-Gast]."

Petitioner thereafter filed a petition with the Tax Tribunal. At the telephonic hearing, petitioner provided testimony regarding the renovations to the home and submitted evidence in the form of the 2023 building permit relating to the work on the property's upstairs bathroom, the 2024 Board of Review decision, and an unsigned document titled "petitioner[']s response to respondent[']s answer." Petitioner explained that the building permit related to renovations of an upstairs bedroom and bathroom that included replacing tile, replacing the shower and toilet, replacing bathroom fixtures, performing plumbing and electrical work, repairing foundational issues, painting the upstairs bedrooms, installing new carpeting, installing a new door, and extending an interior wall. Petitioner testified that the kitchen was remodeled when he previously owned the home and that he had also replaced the heating system with an identical system. He also testified that the photographs submitted by respondent showed the condition of the property when he first sold it around 2007, and when he recently reacquired the property in 2019 or 2020 on land contract for "over $503,000."

For respondent's part, respondent's assessor explained that she relied upon the circa-2020 home sale listing which included photographs and stated that a complete remodel had occurred, including kitchen and bathrooms, as well as building permits. The kitchen and bathroom updates and the new heating system, which respondent contended was an upgrade rather than a replacement, were not previously incorporated into the property tax assessment. Respondent accordingly added new construction value into the assessment, adjusting slightly for updates to the bathroom that qualified for exemption under MCL 211.27(2).

The Tax Tribunal issued a proposed order of dismissal, and after petitioner filed exceptions to that proposed order, the Tribunal adopted it and dismissed the case. The Tribunal's pertinent factual findings included that:

> 5. Petitioner did not submit any documentary evidence regarding the renovations that occurred at the subject property for the time period he first owned the property or following his reacquisition of the subject property.
>
> 6. Although Petitioner testified as to various changes that had occurred at the property, Petitioner was unable to specifically identify when these changes occurred, who made the renovations, and whether they were previously included in assessments of the subject property.
>
> 7. Petitioner did not provide any relevant evidence of the subject property's [true cash value] for the tax year at issue.

The Tribunal reasoned that the evidence provided by petitioner related to taxable value was not sufficient to meet the burden of going forward on that issue, as "[p]etitioner's documentary evidence . . . [is] insufficient for the Tribunal to make a determination as to what, if any, improvements may qualify as Mathieu[-]Gast[] nonconsideration items," and petitioner did not fully identify the renovations performed since reacquiring the property or establish that the changes met the statutory exception. Nor did petitioner meet his burden of proof to demonstrate that "the remodeled feature meets the definition of 'normal repairs, replacement, and maintenance' sufficiently to not be consider[ed] the increase of true cash value under MCL 211.27(2)." Instead, the improvements, which included "simultaneous replacement of multiple features, as well as the

addition of one new feature in the heated floor," constituted new construction that increased the home's value. As for petitioner's claims related to true cash value, "[p]etitioner did not provide any evidence, let alone sufficient competent and material evidence regarding the property's [true cash value][,] to meet the burden of going forward in this case," such as by offering testimony or evidence regarding one of the three recognized approaches to determining value. Accordingly, the Tribunal concluded, petitioner did not meet his burden of going forward with the evidence regarding the property's value, and dismissal was thus warranted.

Petitioner now appeals.

## II. STANDARD OF REVIEW

An appellate court's "review of Michigan Tax Tribunal decisions is limited." *Campbell v Dep't of Treasury*, 509 Mich 230, 237; 984 NW2d 13 (2022). "In the absence of fraud, this Court reviews a decision by the tribunal for misapplication of the law or adoption of a wrong principle." *Wilson v Grand Rapids*, 345 Mich App 484, 490; 7 NW3d 87 (2023) (quotation marks and citation omitted). The Tax Tribunal's "[f]actual findings are conclusive if supported by competent, material, and substantial evidence on the whole record." *Id.* (quotation marks and citation omitted). "Substantial evidence must be more than a scintilla of evidence, although it may be substantially less than a preponderance of the evidence." *Meijer, Inc v Midland*, 240 Mich App 1, 5; 610 NW2d 242 (2000). However, this Court reviews the Tax Tribunal's decision de novo if the case involves matters of statutory interpretation. *Wilson*, 345 Mich App at 490.

## III. ANALYSIS

Petitioner contends that the Tax Tribunal erred by dismissing his appeal of the 2024 assessment for his property as he claims that $14,200 of the increased taxable value was attributable to improvements covered by MCL 211.27(2) and therefore could not increase the property's true cash, assessed, and taxable values. We disagree.

Property in Michigan is assessed at 50 percent of its true cash value. Const 1963, art 9, § 3; MCL 211.27a(1). True cash value means "fair market value." *Huron Ridge, LP v Ypsilanti Twp*, 275 Mich App 23, 28; 737 NW2d 187; see also MCL 211.27(1). Although none are mandatory, the three most common approaches to determining true cash value are: capitalization of income, sales comparison, and cost less depreciation. *Great Lakes Div of Nat'l Steel Corp v Ecorse*, 227 Mich App 379, 390; 576 NW2d 667 (1998). The petitioner bears the "burden of proof in establishing the true cash value of the property." MCL 205.737(3). The burden of proof encompasses two concepts: "(1) the burden of persuasion, which does not shift during the course of the hearing; and (2) the burden of going forward with the evidence, which may shift to the opposing party." *President Inn Props, LLC v Grand Rapids*, 291 Mich App 625, 631; 806 NW2d 342 (2011). Once the petitioner meets the burden of establishing a property's true cash value, the burden shifts to the respondent, who has the "burden of proof in establishing the ratio of the average level of assessments in relation to true cash values in the assessment district and the equalization factor that was uniformly applied in the assessment district for the year in question." MCL 205.737(3).

"[P]roceedings before the Tax Tribunal are original and independent and are considered de novo pursuant to [MCL 205.735(2)]." *Ecorse*, 227 Mich App at 389. "The Tax Tribunal has a duty to make its own, independent determination of true cash value." *Id.* But if a petitioner does not meet their burden of going forward with the evidence, the Tax Tribunal's duty to make an independent determination of true cash value does not arise. See *Jones & Laughlin Steel Corp v Warren*, 193 Mich App 348, 355; 483 NW2d 416 (1992); *Ecorse*, 227 Mich App at 408-410. Put differently, dismissal is appropriate when a petitioner fails to present competent evidence to establish the property's true cash value. See *id.*; *Jones & Laughlin Steel Corp*, 193 Mich App at 355.

MCL 211.27(2) exempts certain types of home improvements from consideration in calculating true cash value and provides, in relevant part: "The assessor shall not consider the increase in true cash value that is a result of expenditures for normal repairs, replacement, and maintenance in determining the true cash value of property for assessment purposes until the property is sold." The statute also provides a list of "repairs [that] are considered normal maintenance if they are not part of a structural addition or completion," which includes, in relevant part, "(h) [c]omplete rewiring," "(*i*) [r]eplacing plumbing and light fixtures," "(j) [r]eplacing a furnace with a new furnace of the same type," "(k) [r]eplacing plaster, inside painting, or other redecorating," "(*l*) [n]ew ceiling, wall, or floor surfacing," and "(n) [r]eplacing an automatic hot water heater." MCL 211.27(2)(h)-(*l*), (n).

Petitioner argues that the improvements made to his home are exempt from the true cash value calculation under MCL 211.27(2). He urges this Court to follow the analysis conducted in *Coyne v Highland Twp*, 169 Mich App 401, 405; 425 NW2d 567 (1988), an appeal of a home assessment in which the homeowner claimed exclusions under MCL 211.27(2), which considered each repair or improvement in turn alongside the claimed exemption in the corresponding subsections of MCL 211.27(2). But here, the Tax Tribunal determined that petitioner did not meet his burden of coming forward with the evidence related to the items that he claimed were exempt as normal repairs or replacements under MCL 211.27(2). That is, the Tribunal concluded that petitioner's documentary evidence was insufficient to enable the Tribunal to determine which improvements qualified under the statute. The Tribunal also concluded that petitioner's testimony failed to fully identify repairs or establish that the changes constituted replacements as the testimony was unclear as to when improvements were made or whether they were previously included in the home's taxable value. We detect no error in this determination as these factual findings are supported by competent, material, and substantial evidence. See *Wilson*, 345 Mich App at 490. Indeed, although petitioner provided some specific testimony as to the upstairs bathroom and bedroom renovations, petitioner could not say when the heating system or kitchen were updated and provided no documentary evidence regarding any of the upgrades beyond a permit for the bathroom work. Accordingly, we need not review whether certain improvements should have been categorized as exempt home repairs under MCL 211.27(2) as the factual basis for the improvements was lacking.

As for the true cash value of the property overall, the Tax Tribunal determined that petitioner did not meet the burden of producing evidence such as by offering evidence or testimony on one of the three recognized approaches to assessing value. We also detect no error in this determination as the Tribunal's factual findings are supported by competent, material, and substantial evidence on the whole record. See *Wilson*, 345 Mich App at 490. As for the value of

the property, at most, petitioner testified that he purchased the home on land contract for "over $503,000" in 2019 or 2020, several years before the assessment at issue.  Thus, dismissal was appropriate because this testimony falls short of constituting sufficient evidence to trigger the Tribunal's duty to make an independent determination of true cash value.  See *Warren*, 193 Mich App at 355; *Ecorse*, 227 Mich App at 408-410.

Affirmed.

/s/ Mark T. Boonstra
/s/ Adrienne N. Young
/s/ Daniel S. Korobkin